IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MONUMENTAL LIFE INSURANCE COMPANY, *et al.*, <br>     Plaintiffs, <br><br> v. <br><br> ANTHONY W. NORMAN, JR., *et al.*, <br>     Defendants. | § § § § § § § § § § | CIVIL ACTION NO. H-09-3251 |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Summary Judgment filed by Monumental Life Insurance Company ("Monumental"), Bank of America Mortgage Services, LP ("BOA"), and USA Savers Group Insurance Trust ("USA") (collectively, "Monumental") [Doc. # 29]. Monumental seeks summary judgment on the counterclaims asserted by Anthony W. Norman, Jr. ("Norman"). Norman filed a Response and Motion for Partial Summary Judgment [Doc. # 34], and Monumental filed a Reply [Doc. # 36]. Having considered the full record and the applicable legal authorities, the Court **grants** Monumental's Motion and **denies** Norman's Motion.

## **I.    BACKGROUND**

Monumental issued a Certificate of Insurance ("Certificate") to Norman pursuant to a Master Group Policy issued to USA, the Policyholder. The Certificate

also covered Leydis Hernandez, Norman's wife. The Certificate provided for a benefit of $25,000.00 in the event of the accidental death of Norman or his wife. Norman was listed as his wife's beneficiary. Norman and his wife have three minor children.

In December 2008, Hernandez was found dead in her home. Norman made a claim for the benefits under the Certificate. In the course of its investigation of the claim for benefits, Monumental was advised by the Harris County Sheriff's Department that Norman was considered a suspect in Hernandez's death. Norman denies any involvement in the death of his wife.

Monumental did not deny Norman's claim for benefits but, instead, filed this interpleader action and deposited the insurance benefits into the Court Registry. Norman filed a counterclaim against Monumental, asserting a variety of Texas law causes of action. Specifically, Norman asserted claims of abuse of process, libel and slander, breach of contract, breach of fiduciary duty, bad faith, misrepresentation, and violation of the Texas Deceptive Trade Practices Act ("DTPA"). On January 21, 2010, Norman was indicted by a Harris County grand jury for the murder of Hernandez. Norman has entered a plea of not guilty and maintains his innocence.

Norman later waived any right to the insurance benefits in favor of his minor children. The Court appointed a guardian ad litem and the funds in the Court Registry

have been divided into three separate accounts, one for each of the minor children, and will remain deposited in the Court Registry until each minor attains the age of eighteen (18).

After the completion of discovery, Monumental filed a Motion for Summary Judgment on the claims asserted in Norman's counterclaim. Norman filed a Cross-Motion for Partial Summary Judgment. The motions have been briefed and are ripe for decision.

## II. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit &*

*Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

The Court may make no credibility determinations or weigh any evidence, and must disregard all evidence favorable to the moving party that the jury is not required to believe. *See Chaney v. Dreyfus Service Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage Co.*, 336 F.3d at 412-413). The Court is not required to

accept the nonmovant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence. *Id.* (citing *Reaves Brokerage*, 336 F.3d at 413). Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(e); *Love v. Nat'l Medical Enterprises*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 745 (S.D. Tex. 2003). A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary. *See In re Hinsley*, 201 F.3d 638, 643 (5th Cir. 2000) ("A party's self-serving and unsupported claim that she lacked the requisite intent is not sufficient to defeat summary judgment where the evidence otherwise supports a finding of fraud.").

### III. ANALYSIS

#### A. Abuse of Process

Norman's abuse of process claim is based on Norman's position that Monumental improperly filed this interpleader action. "A claim for abuse of process requires (1) an illegal, improper, or 'perverted' use of the process, neither warranted nor authorized by the process, (2) an ulterior motive or purpose in exercising such use, and (3) damages as a result of the illegal act." *Martinez v. English*, 267 S.W.3d 521,

528 (Tex. App. – Austin 2008, pet. denied) (citing *Preston Gate, LP v. Bukaty,* 248 S.W.3d 892, 897 (Tex. App. – Dallas 2008, no pet.)).

Rule 22 of the Federal Rules of Civil Procedure allows a stakeholder to interplead funds into the court and thereby avoid the potential for multiple liability.[1] *See* FED. R. CIV. P. 22(a)(1); *First Colony Life Ins. Co. v. Kreppein*, 2008 WL 4600495, *2 (5th Cir. Oct. 16, 2008). Claims for interpleader are liberally construed and, at the initial stage, the threat of multiple and vexatious litigation is sufficient to support the claim. *Corrigan Dispatch Co. v. Casa Guzman, S.A.,* 696 F.2d 359 (5th Cir. 1983). Under Texas law, a beneficiary of a life insurance policy forfeits his interest in the proceeds if he is "a principal or an accomplice in wilfully bringing about the death of the insured." *See* TEX. INS. CODE § 1103.151; *In re Estate of Stafford*, 244 S.W.3d 368, 369 (Tex. App. – Beaumont 2008, no pet.). Consequently, Monumental could not safely pay the insurance proceeds to Norman – who Harris County considered a suspect in Hernandez's death – without the risk that it would later be required to pay the proceeds to Hernandez's minor children. Monumental properly utilized the interpleader procedure and is entitled to summary judgment on Norman's abuse of process claim.

---

[1] Monumental originally filed the interpleader action in the 334th Judicial District of Harris County, Texas. Following removal, Monumental filed its Motion for Interpleader [Doc. # 10] pursuant to Rule 22.

### B. <u>Libel/Slander</u>

Norman alleges that Monumental engaged in libel and slander by stating that Norman was considered a suspect in his wife's death. Under Texas law, "[d]efamation is a false statement about a plaintiff published to a third person without legal excuse which damages the plaintiff's reputation. Libel is defamation in written or other graphic form. Slander is orally communicated defamation." *Moore v. Waldrop*, 166 S.W.3d 380, 384 (Tex. App.—Waco 2005, no pet.). Truth is a complete defense to defamation. *See Randall's Food Mkts. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995).

Norman has failed to present evidence that Monumental's statement that Harris County considers him a suspect in his wife's death is false. Indeed, the record reflects not only that the Harris County Sheriff's Department considers Norman a suspect, but that a Harris County grand jury has indicted Norman for the murder of his wife. Consequently, Monumental is entitled to summary judgment on the libel and slander claims.

### C. <u>Breach of Contract</u>

Norman alleges that Monumental breached the insurance contract by refusing to pay him the life insurance benefits following his wife's death. To prevail on a breach of contract claim, a plaintiff must establish the existence of a contract, the

performance or tender of performance by the plaintiff, a breach by the defendant, and damages as a result of that breach. *See Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003) (citing *Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 593 (Tex. App.—Houston [14th Dist.] 2000, no pet.)).

Norman has failed to present evidence that Monumental breached the insurance contract. Monumental was obligated to pay $25,000.00 under the Certificate. To avoid the potential for double liability, Monumental requested and obtained permission from the Court to interplead the funds into the Court Registry. Thereafter, Norman waived any right to payment of the insurance benefits and the funds remain in the Court Registry for the benefit of Norman's minor children. Absent evidence of a breach by Monumental, Counter-Defendant is entitled to summary judgment on the breach of contract claim.

### D.     Breach of Fiduciary Duty/Bad Faith/DTPA/Misrepresentation

Norman alleges that Monumental's denial of his claim for benefits under the Certificate and statements that Norman is considered a suspect in his wife's death constitute breach of fiduciary duty, bad faith, a violation of the Texas DTPA, and misrepresentation. "Generally, for a party to establish a claim for breach of a fiduciary duty, there must exist a fiduciary relationship between the plaintiff and defendant, the defendant must have breached its fiduciary duty to the plaintiff, and the

defendant's breach must result in injury to the plaintiff, or benefit to the defendant." *Punts v. Wilson,* 137 S.W.3d 889, 891 (Tex. App. – Texarkana 2004, no pet.) (citing *Burrow v. Arce,* 997 S.W.2d 229, 238-39 (Tex. 1999)). Norman has failed to present evidence that Monumental breached any fiduciary duty it may have owed to Norman. As was discussed above in connection with the breach of contract claim, Monumental had an obligation to pay $25,000.00 under the Certificate. Monumental complied fully with that obligation by depositing the funds into the Court Registry, and it is entitled to summary judgment on Norman's breach of fiduciary duty claim.

Under Texas law, in order for a claimant to establish that an insurer's refusal to pay a claim constitutes bad faith, the claimant must prove: "(1) the absence of a reasonable basis for denying or delaying payment of the benefits of the policy and (2) that the carrier knew or should have known that there was not a reasonable basis for denying the claim or delaying payment of the claim." *Aranda v. Insurance Co. of North America*, 748 S.W.2d 210, 213 (Tex. 1988). Norman has failed to present evidence – and the undisputed record establishes – that Monumental did not refuse to pay a claim for benefits under the Certificate. Instead, Monumental paid the benefits into the Court Registry. The record also establishes that Monumental had a reasonable basis to interplead the benefits rather than pay them directly to Norman,

a suspect in his wife's death.[2]  As a result, Norman has failed to present evidence that raises a genuine issue of material fact regarding the essential elements of his bad faith claim, and Monumental is entitled to summary judgment on the claim.

The Texas DTPA protects consumers from "[f]alse, misleading, or deceptive acts or practices."  TEX. BUS. & COMM. CODE § 17.46.  As has been discussed above, Norman has failed to present evidence that Monumental's statements that Harris County considered Norman a suspect in his wife's death were false, misleading or deceptive.  Monumental is entitled to summary judgment.

Norman's misrepresentation claim is based on the allegation that Monumental has engaged in a pattern of relying on hearsay information to delay or deny the claim for insurance benefits.  *See* Norman's Original Answer and Counterclaim [Doc. # 1-1], ¶ V(R).  Initially, the Court notes again that Monumental did not deny the claim for benefits based on Hernandez's death, and any delay resulting from the interpleader of the funds was justified to avoid the risk to Monumental of double or multiple liability for the same proceeds.  The Court notes also that hearsay evidence may be considered by an insurer when deciding whether to deny a claim for benefits.  *See*

---

[2] The Court emphasizes that neither Monumental nor the Court takes any position regarding whether Norman had any involvement in his wife's death.  Monumental, and the Court based on uncontroverted evidence in the record, find only that Harris County considers Norman a suspect in his wife's death and that a Harris County grand jury has indicted Norman for his wife's murder.

*Pierre v. Connecticut Gen. Life Ins. Co.*, 932 F.2d 1552, 1554 (5th Cir. 1991).

Monumental is entitled to summary judgment on Norman's misrepresentation claim.[3]

## IV. CONCLUSION AND ORDER

Norman has failed to present evidence that raises a genuine issue of material fact in support of his counterclaims against Monumental. Accordingly, it is hereby

**ORDERED** that Monumental's Motion for Summary Judgment [Doc. # 29] is **GRANTED** and Norman's Motion for Partial Summary Judgment [Doc. # 34] is **DENIED**. The Court will issue a separate Final Order.

---

[3] To the extent Norman intends his misrepresentation claim to be construed as either a fraud claim or a negligent misrepresentation claim under Texas law, Monumental is entitled to summary judgment. Under Texas law, the elements of a fraud cause of action are: (1) a material representation was made; (2) it was false when made; (3) the speaker either knew it was false, or made it without knowledge of its truth; (4) the speaker made it with the intent that it should be acted upon; (5) the party acted in reliance; and (6) the party was injured as a result. *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 563 n.3 (5th 2002) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998)). "Negligent misrepresentation requires proof that: (1) the defendant in the course of his business or a transaction in which he had an interest; (2) supplied false information for the guidance of others; (3) without exercising reasonable care or competence in communicating the information; (4) the plaintiff justifiably relied on the information; (5) proximately causing the plaintiff's injury." *Kastner v. Jenkens & Gilchrist, P.C.*, 231 S.W.3d 571, 577 (Tex. App. -- Dallas 2007, no pet.); *see also In Re Stonebridge Technologies, Inc.*, 430 F.3d 260, 267 n.4 (5th Cir. 2005). As has been discussed herein, Norman has failed to present evidence that Monumental's statements that Harris County considered Norman a suspect in his wife's death were false.

SIGNED at Houston, Texas, this **11th** day of **June, 2010**.

*Nancy F. Atlas*
Nancy F. Atlas
United States District Judge